```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
                     Civil No. 17-105(DSD/SER)
```

Claire Jean Lee,

       Plaintiff,

v.                                                 **ORDER**

Fairview Health Services and
Fairview Southdale Hospital,

       Defendants.

     This matter is before the court upon plaintiff Claire Jean Lee's objection to the July 13, 2017, orders of Magistrate Judge Steven E. Rau. In the first order, the magistrate judge required that all communication between the parties and the court be in writing and forbade either party from telephoning or emailing his chambers or the clerk's office. See ECF No. 19. In the second order, the magistrate judge ordered Lee to provide an amended complaint to the United States Marshal within twenty-one days so that the marshal could properly serve defendants. See ECF No. 20.

     The standard of review applicable to an appeal of a magistrate judge's order on nondispositive matters is "extremely deferential." Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). The court will reverse such an order only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); D. Minn. LR 72.2(a)(3). After a thorough review of the file and record, the court finds that the orders are neither clearly erroneous nor contrary to law.

Lee objects to the magistrate judge's first order, claiming she is prejudiced by being prohibited from contacting chambers or the Clerk's office by telephone or email. Although Lee may find it more convenient to email or call chambers or the clerk's office, she is still able to fully litigate her claims by submitting motions and letters on the electronic filing system or via mail. Furthermore, the local rules give a judge broad authority to implement pre-trial procedures that are consistent with the local rules and the Federal Rules of Civil Procedure. D. Minn. LR 16.1(a). The magistrate judge's order falls within his broad authority to control pre-trial procedures.[1]

Next, Lee objects to the second order, arguing additional service is unnecessary because she already served defendants with the original complaint. But the Federal Rules require that the plaintiff also serve defendants with the amended complaint. See Fed. R. Civ. P. 15(a)(3). In any case, Lee has complied with the magistrate judge's order and, therefore, the objection is moot.[2]

---

[1] Lee also objects to the magistrate judge's characterization of her interactions with the clerk's office and chambers staff as "rude and abusive." ECF No. 19. Although she may disagree with this characterization, it is not an order which is subject to appeal because it does not relate to the viability of any claim or defense. See D. Minn. LR 72.2(a) ("When a pretrial matter not dispositive of a party's claim or defense is referred to and decided by a magistrate judge, a party may seek review of the magistrate judge's order ....").

[2] The court notes that the U.S. Marshal was not able to serve defendants at the address provided by Lee. The docket indicates, however, that her amended complaint, summons, and recently

<u>See</u> ECF Nos. 22, 25.  As a result, the magistrate judge's orders were neither contrary to the law or clearly erroneous.

Accordingly, **IT IS HEREBY ORDERED** that plaintiff's objection [ECF No. 31] is overruled.

Dated:  August 22, 2017

                                    <u>s/David S. Doty            </u>
                                    David S. Doty, Judge
                                    United States District Court

---

submitted "directions for service of process" have been submitted to the U.S. Marshal for a second attempt.