UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 17-105(DSD/SER)

Claire Jean Lee,

       Plaintiff,

v.                                             **ORDER**

Fairview Health Services and
Fairview Southdale Hospital,

       Defendants.

     Claire Jean Lee, 10101 Lyndale Avenue South, Apartment 219, Bloomington, MN 55420, plaintiff pro se.

     Jennifer M. Waterworth, Esq. Gislason & Hunter, LLP, 701 Xenia Avenue South, Suite 500, Minneapolis, MN 55416, counsel for defendants.

This matter is before the court upon the motion to dismiss by defendants Fairview Health Services and Fairview Southdale Hospital. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion.

**BACKGROUND**

On January 10, 2017, pro se plaintiff Claire Jean Lee filed suit against defendants for alleged violations of the Americans with Disabilities Act, the Emergency Medical Treatment and Active Labor Act, and the Rehabilitation Act, and for intentional infliction of emotional distress. On January 31, the court granted Lee's application to proceed in forma pauperis and ordered the United States Marshal to serve a copy of the complaint and summons

on the defendants as directed by Lee.  Lee failed to properly serve defendants within 90 days because she believed that she had 120 days to complete service.  She moved the court for a 30-day extension to amend her complaint and complete service.  See ECF No. 9.  On May 11, the court granted a 30-day extension and ordered Lee to file an amended complaint by June 1.  See ECF No. 11.  Lee was not able to file her amended complaint until June 6 because of an alleged series of events beyond her control.[1]  See Pl.'s Opp'n Mem. at 4; ECF No. 12.  On June 5, the U.S. Marshal served Fairview Southdale Hospital with the original complaint.[2]  See ECF Nos. 13, 20.  The U.S. Marshal attempted to serve Fairview Health Services on July 14, but was unable to do so because of a wrong address.[3]  See ECF Nos. 22, 25.  Because defendants were served with the original, rather than the amended complaint, the court ordered that Lee submit completed Marshal Service Forms for each of the defendants and, once she did so, a summons would be issued and the U.S. Marshal would serve defendants with the amended complaint. See ECF No. 20.  It appears that Lee complied with the order, because the clerk's office issued a summons for each defendant on

---

[1] Lee's amended complaint adds a claim alleging the violation of the Minnesota Government Data Practices Act.

[2] Defendants now dispute that the June 5 service was proper.

[3] As discussed below, it appears that Lee listed the correct address on the Marshal Service Form, but the Marshal was unable to find it.

August 1.  See ECF No. 32.  The U.S. Marshal successfully served the summons and amended complaint on both defendants on September 6.[4]  See ECF No. 36.

Defendants now move to dismiss arguing that the court lacks personal jurisdiction because of insufficient service of process.

## DISCUSSION

**I.   Standard of Review**

Without service or waiver of process, the court lacks jurisdiction over a defendant.  See Printed Media Servs., Inc. v. Solna Web, Inc., 11 F.3d 838, 843 (8th Cir. 1993).  A plaintiff must make a prima facie showing that the court has personal jurisdiction over the defendants.  See Digi-Tel Holdings, Inc. v. Proteq Telecomms. (PTE), Ltd., 89 F.3d 519, 522 (8th Cir. 1996). When considering whether personal jurisdiction exists, the court views the evidence in the light most favorable to the plaintiff and may consider matters outside the pleadings.  Id.; see Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1073 (8th Cir. 2004).

Under the Federal Rules of Civil Procedure, a plaintiff must serve all defendants with a copy of the summons and complaint within ninety days of the filing of the complaint.  Fed. R. Civ. P. 4(m).  But the court must extend the time for service if the

---

[4] It is unclear why the Marshal was not able to serve the defendants until over a month after the summons was issued.

plaintiff shows good cause for failure to timely serve the defendants. Id.; see also Kurka v. Iowa Cty., Iowa, 628 F.3d 953, 957 (8th Cir. 2010); Colsante v. Wells Fargo Corp., 81 Fed. App'x 611, 612-613 (8th Cir. 2003) (per curiam). Even if the plaintiff fails to show good cause, the court has discretion to grant an extension if the plaintiff demonstrates excusable neglect. Kurka, 628 F.3d at 957; Colsante, 81 Fed. App'x at 613.

"[G]ood cause is likely (but not always) to be found when [1] the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, [2] the defendant has evaded service of process or engaged in misleading conduct, [3] the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or [4] the plaintiff is proceeding pro se or in forma pauperis." Kurka, 628 F.3d at 957 (alteration in original) (citation and internal quotation marks omitted).

**II. Motion to Dismiss**

    **A. Service of Amended Complaint**

Defendants first argue that service was untimely, even considering the court's 30-day extension of time for service, because they were not properly served until September 6, 2017. The court would agree, except that defendants ignore the court's July 13, 2017, order which required Lee to submit a completed Marshal Service Form within twenty-one days and, if she complied, the U.S.

Marshal would subsequently serve defendants. In issuing the order, the court implicitly extended time for service.[5] It appears that Lee complied with the July 13 order and timely completed Marshal Service Forms, following which the clerk's office issued the summonses. See ECF No. 32. The record does not indicate why the U.S. Marshal did not serve the defendants sooner, but the delay was not caused by Lee. Accordingly, dismissal is not warranted on this basis.

**B.   Service of Original Complaint**

Defendants also argue that they were not properly served with the original complaint. The record shows that on May 5, 2017, the clerk's office issued the summonses and that copies of the summons, original complaint, and Marshal Service Forms were sent to the U.S. Marshal's office. See ECF No. 8. Although Lee submitted the forms past the 90-day deadline for service, the court found good cause for the delay and accepted the untimely submission. See ECF No. 11. Again, for reasons not apparent to the court, the U.S. Marshal did not attempt to serve Fairview Southdale Hospital and Fairview Health Services until June 5 and July 14, 2017 respectively. Accordingly, the delay in service is not attributable to Lee, and dismissal of the complaint is also not warranted on this basis.

---

[5] Because the order was issued after the filing of the amended complaint, it also implicitly accepted the late filing of the amended complaint. Therefore, the court rejects defendant's argument that dismissal is warranted because the amended complaint was not timely filed.

### 1. Service on Fairview Southdale Hospital

Defendants contend that service of the original complaint on Fairview Southdale Hospital was insufficient, despite the U.S. Marshal stating that service was executed properly. See ECF No. 13. Defendants rely on the affidavit of Joyce Peper, who accepted service, which states that the Marshal did not identify himself and did not ask if she was authorized to accept service. Peper Aff. ¶¶ 5-6. Even assuming that this is true, the fault is not attributable to Lee and, under these circumstances, does not warrant dismissal of the complaint.

### 2. Service on Fairview Health Services

Defendants also argue that dismissal of the complaint is warranted because Fairview Health Services was never properly served with the original complaint. The record indicates that the U.S. Marshal was unable to properly serve Fairview Health Services because of a wrong address. See ECF No. 25. Again, this does not appear to be Lee's fault. Lee listed the defendant's address as 2450 Riverside Avenue, Minneapolis, MN, 55454. This appears to be the correct address as it matches the address on Fairview Health Services's website, and defendants do not contend otherwise. See https://www.fairview.org/contact-us (last visited December 28, 2017). Accordingly, Lee cannot be held to account for the Marshal's failure to find the correct address, and the motion to dismiss must be denied.

## C. Deficient Summons

Finally, defendants argue that service was deficient because the summonses did not have Lee's address as required by Fed. R. Civ. P. 4(a)(1)(C). But the clerk's office is responsible for completing and issuing the summons, not Lee. Therefore, Lee cannot be held responsible for these deficiencies, and dismissal is not warranted on this basis.

Because Lee is pro se, most of the delays in service were due to the fault of a third-party, and defendants are unable to show any significant prejudice resulting from the delay in service, the court finds that good cause exists for any delay.[6]

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that defendants' motion to dismiss [ECF No. 39] is denied.

Dated: January 4, 2018

                              s/David S. Doty
                              David S. Doty, Judge
                              United States District Court

---

[6] Because the court finds that there is good cause for the delay in service, it need not decide whether Lee has shown excusable neglect.