UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Claire Jean Lee,

        Plaintiff,

v.

Fairview Health Services and Fairview
Southdale Hospital,

        Defendants.

**Case No. 17-cv-105 (DSD/SER)**

**ORDER**

STEVEN E. RAU, United States Magistrate Judge

This case comes before the Court on Fairview's Motion to Compel Complete Discovery Responses and Complete Medical and Mental Health Authorizations ("Motion to Compel") [Doc. No. 75].[1] Because Plaintiff Claire Jean Lee's ("Lee") medical records are relevant to this dispute, the Court grants the motion in part and denies the motion in part.

## I. BACKGROUND

Lee initiated this lawsuit in January 2017, alleging that Fairview violated the Americans with Disabilities Act, the Emergency Medical Treatment and Active Labor Act, the Rehabilitation Act, and the Minnesota Government Data Practices Act. (Compl.) [Doc. No. 1]; (Am. Compl.) [Doc. No. 12 ¶¶ 30–50]. She also alleges a claim for intentional infliction of emotional distress. (Am. Compl. ¶¶ 51–56). Lee's allegations relate to her visit to the emergency department at

---

[1]     This matter has been referred for the resolution of pretrial matters pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1.
       "Fairview" refers to Defendants Fairview Health Services and Fairview Southdale Hospital collectively.

Fairview Southdale Hospital on January 10 and 11, 2015, for medical and psychiatric care. *See, e.g.*, (Am. Compl. ¶ 6).

After service issues and a motion to dismiss were resolved, the Court entered a pretrial scheduling order, which was subsequently modified. (Pretrial Scheduling Order) [Doc. No. 66]; (Am. Pretrial Scheduling Order) [Doc. No. 85]. On February 13, 2018, Fairview provided Lee with blank medical release authorization forms and asked her to date and sign the authorizations and to provide a list of all of her healthcare providers from the past ten years. (Ex. A) [Doc. No. 78-1 at 1].[2] The following day, Fairview requested responses to interrogatories and document requests. (Exs. B–C) [Doc. No. 78-1 at 8]. When Fairview did not receive any response, it reached out to Lee and learned that she had not received the authorizations or written discovery responses. (Exs. D–E) [Doc. No. 78-1 at 12–13]. Lee requested that all correspondence be sent to her via email and "regular mail." (Ex. E) [Doc. No. 78-1 at 13]. Fairview resent the requests and the parties engaged in further correspondence regarding the best way to access and return the medical authorizations. *See* (Exs. F–H) [Doc. No. 78-1 at 14–19].

The parties also exchanged correspondence regarding amending the pretrial scheduling order, Lee's initial disclosures (which Fairview had yet to receive), and the status of the medical authorizations.[3] (Exs. J–R) [Doc. No. 78-1 at 20–31]. On April 27, 2018, Lee provided five disclosures and noted that she "can't remember every doctor [she has] ever seen or every test [she has] ever had." (Ex. S) [Doc. No. 78-1 at 32]. Lee noted that Fairview requested "authorizations that are open-ended on the dates" and stated that she did not believe Fairview is "entitled to records

---

[2] Document Number 78-1 contains all exhibits attached to the Affidavit of Jennifer M. Waterworth ("Waterworth Affidavit"). For ease of reference, the Court will refer to these exhibits by their letter and the page number assigned by CM/ECF.
[3] Upon Fairview's motion, the Court entered an amended pretrial scheduling order [Doc. No. 85].

going back 25 years." (*Id.*). Therefore, Lee "put dates on these that [she] thought were reasonable" and likely to provide the information Fairview sought. (*Id.*). Fairview considered these five authorizations incomplete because Lee "limited the records that [Fairview] could obtain by date and/or by individual provider" and "[s]ome of the authorizations only allowed records from 2008 to date; one only allowed records for January 2015; one only allowed records from 2015 to date; and one limited defendants to only records from a single provider within an organization from 2008 to date." (Waterworth Aff. ¶¶ 23–24).

On May 14, 2018, Fairview contacted Lee because it had not received her initial disclosures or written discovery responses. (Ex. U) [Doc. No. 78-1 at 35]. Fairview also asked for additional medical authorizations because it learned through investigation and Lee's other cases that she saw providers that Lee had not previously disclosed to Fairview. (Waterworth Aff. ¶ 29); (Ex. U) [Doc. No. 78-1 at 35]. Despite Fairview's continued efforts to resolve these issues, Lee has not provided initial disclosures, responses to written discovery, and "complete" medical and mental health authorization forms. (Waterworth Aff. ¶ 30).

Fairview filed its Motion to Compel on May 22, 2018, seeking an order requiring Lee to immediately provide Fairview with her initial disclosures and responses to written discovery requests. (Mem. in Supp. at 15). Fairview also asks the Court to order Lee to immediately provide the requested medical and mental health authorizations for providers that Lee has seen in the past ten years. (*Id.* at 20). Finally, Fairview seeks fees and costs associated with bringing this motion. (*Id.*).

At her request, the Court gave Lee two extensions of time to respond to the Motion to Compel. *See* (Text Only Orders) [Doc. Nos. 87, 89]. Lee first filed a declaration detailing various medical conditions and other stressors that have interfered with her ability to timely respond to

Fairview's discovery requests. *See* (Decl. of Claire Jean Lee) [Doc. No. 92]. Lee argues that Fairview is filing motions solely to demonstrate that Lee is uncooperative, to make Lee look "as bad as possible," and to obtain attorneys' fees. (*Id.* ¶¶ 11–12). Lee admits that she needs to provide Fairview with the written discovery, but she argues she was not given the chance before Fairview filed its motion. (*Id.* ¶ 13). As to the substance of the Motion to Compel, Lee states that some of the places for which Fairview seeks authorizations are places she has not sought treatment from in fifteen to twenty years or places from which she has never sought treatment. (*Id.* ¶ 15).

Lee also filed a reply and an additional declaration. (Pl.'s Reply to Mot. to Compel, "Lee's Reply") [Doc. No. 100]; (Suppl. Decl. of Claire Jean Lee, "Suppl. Lee Decl.") [Doc. No. 101]. Lee asserts that she "has now completed and sent the disclosures to defense counsel and plans to get the rest of the discovery of interrogatories, authorizations and documents to [Fairview] early next week."[4] (Lee's Reply at 1). She again asserts that she has not been intentionally "dilatory or uncooperative," but instead has suffered from mental and physical illnesses that have impacted her ability to keep up with correspondence from Fairview's counsel. *See generally* (*id.*); *see also* (Suppl. Lee Decl.). She objects to legal fees and complains of the volume of correspondence initiated by Fairview's counsel. (Lee's Reply).

## II. DISCUSSION

### A. Legal Standard

Courts have broad discretion to decide discovery motions under the Federal Rules of Civil Procedure. *Bison Advisors LLC v. Kessler*, No. 14-cv-3121 (DSD/SER), 2015 WL 4509158, at *2 (D. Minn. July 24, 2015) (Doty, J.) (citing *Pavlik v. Cargill, Inc.*, 9 F.3d 710, 714 (8th Cir. 1993)).

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the

---

[4] The Reply was filed on July 12, 2018.

parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

**B. Analysis**

Lee does not dispute or resist discovery on the grounds that what Fairview seeks is irrelevant. Nonetheless, Lee's April 27, 2018 email notes that the scope of the requests for medical authorization appear to be overly broad. *See* (Ex. S) [Doc. No. 78-1 at 32]. The Court agrees. While the Amended Complaint refers to some history between Lee and Fairview, the central incident is her visit to Fairview Southdale Hospital on January 10 and 11, 2015. *See* (Am. Compl.). The Court finds that any medical authorizations must be limited to five years before January 10, 2015 to the present. Lee has an obligation to identify providers and entities from which she sought treatment consistent with that time period. To the extent Fairview is aware of specific providers or entities for which Lee has not already provided authorizations, the Court orders Fairview to provide Lee with authorization forms with as much information filled out as possible—such as provider, entity, and applicable dates—to facilitate Lee's timely signing and returning of these forms.

The Court is sympathetic to Lee's various illnesses and other stressors interfering with her ability to timely participate in this case and both Fairview and the Court have extended Lee many accommodations. To the extent Lee has not already done so, she must respond to Fairview's written discovery, provide initial disclosures, and provide medical authorizations within twenty-one days of this Order.

Finally, the Court denies Fairview's request for fees. *See* (Mem. in Supp. at 20–21). When a court grants in part and denies in part a motion to compel, the court may "apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5). Because Lee was granted *in forma*

*pauperis* status, the Court concludes that fees are not appropriate in this case. *See* (Order on Application to Proceed Without Prepayment of Fees) [Doc. No. 3]. Nonetheless, Lee is reminded that regardless of her *pro se* status and despite ongoing medical issues, she is obligated to timely participate in this litigation consistent with the Federal Rules of Civil Procedure and the Local Rules of this District. *See, e.g.*, *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 914 (8th Cir. 2002) ("All civil litigants are required to follow applicable procedural rules.").

## III. CONCLUSION

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion to Compel Complete Discovery Responses and Complete Medical and Mental Health Authorizations [Doc. No. 75] is **GRANTED in part and DENIED in part** consistent with this Order.

Dated: August 20, 2018

*s/Steven E. Rau*
STEVEN E. RAU
United States Magistrate Judge
